UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 26-728

**Motion for:** dismissal and oppostion to abeyance motion

Caption [use short title]

Ramirez Lopez v. Blanche

Set forth below precise, complete statement of relief sought:

Motion to dismiss for lack of jurisdiction and opposition to Petitioner's motion to hold case pending the agency's conclusion of protection claims

**MOVING PARTY:** Respondent                     **OPPOSING PARTY:** Petitioner

☐ Plaintiff              ☐ Defendant

☐ Appellant/Petitioner   ☒ Appellee/Respondent

**MOVING ATTORNEY:** Tracie Jones        **OPPOSING ATTORNEY:** Melissa Banks

[name of attorney, with firm, address, phone number and e-mail]

U.S. Dept of Justice, Civil Div., OIL        Legal Services NYC

P.O. Box 878                                  40 Worth Street, 6th Floor

Washington DC  20044                         New York, NY  10013

Court- Judge/ Agency appealed from: DHS

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes  ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☒ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☒ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?        ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☒ No

Requested return date and explanation of emergency: _____

Is the oral argument on motion requested?  ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  ☐ Yes ☒ No  If yes, enter date:_____

**Signature of Moving Attorney:**

CINDY FERRIER  Digitally signed by CINDY FERRIER Date: 2026.04.13 15:35:00 -04'00'  **Date:** Apr. 13, 2026     Service: ☒ Electronic  ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

No. 26-728

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

---

**CANDIDA REINA RAMIREZ-LOPEZ, a.k.a.,**
**Candida Reina Ramirez Lopez de Gomez,**
**A098-982-272,**

<b>Petitioner,</b>

**v.**

**TODD BLANCHE,**
**ACTING UNITED STATES ATTORNEY GENERAL,**

<b>Respondent.</b>

---

**RESPONDENT'S MOTION TO DISMISS AND OPPOSITION TO
PETITIONER'S MOTION TO HOLD THE PETITION IN ABEYANCE
PENDING THE AGENCY'S CONCLUSION OF PROTECTION CLAIMS**

---

This is an immigration case in which Candida Reina Ramirez-Lopez, a native and citizen of Honduras, filed a petition for review on March 25, 2026, seeking review of a February 27, 2026, order from the Department of Homeland Security (DHS), which reinstated her October 21, 2005, prior order of removal. *See* Dkt. Entry No. 4.2; *see also* Dkt. Entry No. 4.3 (Form I-871, Notice of Intent/Decision to Reinstate Prior Order). On April 2, 2026, Ms. Ramirez-Lopez filed a motion to

hold the petition for review in abeyance while the agency completed review of her fear-based claims.  Dkt. Entry No. 9.2.

Respondent moves to dismiss the petition for lack of jurisdiction.  The Court lacks jurisdiction over the petition because a reinstatement decision is not a reviewable final order of removal.  In addition, the Court should deny Ms. Ramirez-Lopez's request to hold the petition in abeyance as moot, because her fear-based proceedings were completed before the Executive Office for Immigration Review ("EOIR") on April 3, 2026, when the immigration judge affirmed the asylum officer's negative reasonable-fear determination.[1]

## BACKGROUND

Ms. Ramirez-Lopez is subject to a prior removal order entered on October 21, 2005.  Dkt. Entry No. 4.3.  She voluntarily departed the United States on September 15, 2006, pursuant to that removal order.  *Id*.  Thereafter, on or about March 9, 2019, Ms. Ramirez-Lopez illegally reentered the United States.  *Id*.  On February 27, 2026, DHS issued a Notice of Intent/Decision to Reinstate its prior

---

[1] Respondent also requests that the Court stay the briefing schedule and production of the administrative record pending disposition of this motion.

2

removal order. *See id.*; 8 U.S.C. § 1231(a)(5).[2] Ms. Ramirez-Lopez filed a petition for review of the reinstated removal order within 30 days of the reinstated removal order.[3] Dkt. Entry No. 4.2.

## **ARGUMENT**

### **The Court Should Dismiss The Petition For Lack Of Jurisdiction**

Federal courts "are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up). "It is to be presumed that a cause lies outside this limited jurisdiction," *Kokkonen*, 511 U.S. at 377, and it is likewise "irrefragable that the burden of establishing jurisdiction must fall to the party who asserts it." *Woo v.*

---

[2] Under 8 U.S.C. § 1231(a)(5), if DHS "finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date," and the alien is subject to removal under the terms of the original removal order. 8 U.S.C. § 1231(a)(5); *see* 8 C.F.R. § 1241.8(a), (c). The determination by DHS that section 1231(a)(5)'s prerequisites have been met is referred to as a "reinstatement order."

[3] Ms. Ramirez-Lopez indicates in her motion to hold this case in abeyance that she is currently seeking review with an immigration judge of the asylum officer's negative reasonable-fear determination. *See* Dkt. Entry No. 9.2 at 1-2; *see also* 8 C.F.R. § 1208.31(f), (g). On April 3, 2026, the immigration judge affirmed the asylum officer's negative reasonable-fear determination. The immigration judge's affirmance may not be appealed to the Board of Immigration Appeals. 8 C.F.R. § 1208.31(g)(2).

*Spackman*, 988 F.3d 47, 53 (1st Cir. 2021). In the immigration context, this Court's jurisdiction "hinge[s] on [8 U.S.C.] § 1252(a)(1)," which "allows an individual to petition for . . . review of *a final order of removal* in the appropriate court of appeals." *Monsalvo v. Bondi*, 604 U.S. 712, 720 (2025) (cleaned up and emphasis added); *see* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed . . . in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal . . . ."). "So the question, 'What qualifies as a final order of removal?' is central to [the Court's] jurisdiction." *Ruiz-Perez v. Garland*, 49 F.4th 972, 975 (5th Cir. 2022).

"The statutory text speaks directly and clearly to this question." *Riley v. Bondi*, 606 U.S. 259, 267 (2025). An "order of removal" is defined as an order "concluding that the alien is [removable] or ordering [removal]." 8 U.S.C. § 1101(a)(47)(A); *see Riley*, 606 U.S. at 267 (noting that, "[w]hile the [INA] does not define the term 'order of removal,' any statutory reference to 'an order of removal' is 'deemed to include a reference to . . . an order of deportation'"). The reinstatement decision issued to Ms. Ramirez-Lopez, however, does not "have those same characteristics." *Riley*, 606 U.S. at 267. The reinstatement decision does not include any express determination or conclusion that Ms. Ramirez-Lopez is removable and does not otherwise "order[]" or "command[] [her] deportation[.]" *Riley*, 606 U.S. at 267.

To be sure, under this Court's caselaw, reinstatement decisions have historically qualified as orders of removal subject to limited judicial review. *See, e.g.*, *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 150 (2d Cir. 2008). However, continuing to treat reinstatement decisions as final orders of removal would be inconsistent with *Riley* and the Supreme Court's strict adherence to the specific statutory definition at 8 U.S.C. § 1101(a)(47). *See Riley*, 606 U.S. at 267. The Court recently reached the same conclusion, albeit in a criminal reentry case. *See United States v. Rodriguez*, 162 F.4th 288, 294 (2d Cir. 2025). The Court explained that reinstatement "involves a single removal order," and does not involve any "separate determination of removability . . . [or] new removal order. Instead, the alien is simply removed 'under the prior order.'"[4] *Id.* (quoting 8 U.S.C. § 1231(a)(5)). In other words, in the reinstatement context, "the *only* removal order" to have "ever been entered" against an illegal reentrant is "the original removal order." *Rodriguez*, 162 F.4th at 295 (emphasis in original).[5]

---

[4] In *Rodriguez*, the Court emphasized that the original order was "the only removal order" that has ever been entered against the alien." *Id.* at 295. The Court seemingly limited that statement to the context of *Rodriguez*, where the validity of the original final order was challenged. *See id*. at 294 ("Where a removal order is invalid, reinstatements of that same removal order carry no independent validity.").

[5] This Court in *Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 195-96 (2d Cir. 2022), *abrogated on other grounds by Riley*, 606 U.S. at 272-77, mused that a (continued . . .)

5

At this point, Ms. Ramirez-Lopez has not raised any specific challenges directed to the reinstated removal order in her case. *See* Dkt. Entry Nos. 4.2, 9.2. Typically, review of such decisions is limited, focusing on the three predicate findings necessary to reinstate a prior removal order: (1) the identity of the individual, (2) the alien's being subject to a prior order of removal, and (3) the alien's having unlawfully reentered the United States. *See* 8 C.F.R. § 241.8(a); *see also Santacruz v. Lynch,* 668 Fed. App'x 390, 391 (2d Cir. 2016) ("[A]n immigration officer is required to determine whether the alien is the same person against whom the prior removal order was entered and executed, and whether the alien unlawfully reentered the country."). Ms. Ramirez-Lopez has not raised any of these challenges, but notes that she "may wish to seek judicial review of the . . . removability determination" if her protection claims are denied. Dkt. Entry No. 9.2 at 3. Nevertheless, construing the reinstatement order as a final order would be

---

reinstatement order may not be a final order of removal. Some panels or judges in other circuits have likewise "questioned their similar precedents in view of more recent Supreme Court decisions." *Martinez v. Garland*, 86 F.4th 561, 568 & n.4 (4th Cir. 2023), *vacated sub nom. Martinez v. Bondi*, 145 S. Ct. 2836 (2025); *see F.J.A.P. v. Garland*, 94 F.4th 620, 643-44 (7th Cir. 2024) (Brennan, J., concurring in part and dissenting in part) ("A reinstatement decision does not fit within the statutory definition of a removal order."), *abrogated on other grounds by Riley*, 606 U.S. at 267-72; *Ruiz-Perez v. Garland*, 49 F.4th 972, 976 (5th Cir. 2022); *see also Vega-Anguiano v. Barr*, 982 F.3d 542, 559 (9th Cir. 2019) (Bennett, J., dissenting from denial of rehearing en banc) (arguing that a "reinstatement order is not a removal order").

6

inconsistent with *Riley* and the Supreme Court's strict adherence to the specific statutory definition at 8 U.S.C. § 1101(a)(47). Consequently, the Court should dismiss the petition for review for lack of jurisdiction because Ms. Ramirez-Lopez does not seek review of a final order of removal.

In addition, to the extent Ms. Ramirez-Lopez seeks to hold the petition for completion of her fear-based proceedings before EOIR, there is no basis for the Court to do so because any protection claims would not provide the Court with jurisdiction. As Justice Thomas described in his concurring opinion in *Riley,* 606 U.S. at 277-81 (Thomas, J., concurring), "the comprehensive framework" that Congress enacted for judicial review of a "final order of removal" showed that in addition to the thirty-day filing deadline at 8 U.S.C. § 1252(b)(1), which was directly at issue in that case, the protection-based claims were not reviewable unless they were on direct review with a removal order. 606 U.S. at 277-81. He pointed out that section 2242 of the FARRA deprives any court of "'jurisdiction to consider or review claims raised under the [CAT] except as part of the review of a final order of removal pursuant to [8 U.S.C. § 1252],'" *id*. at 279 (quoting Pub. L. 105-277, div. G, subdiv. B, title XXII, § 2242 (1998), set out as note following 8 U.S.C. § 1231), and noted that § 1252(a)(4) similarly provides that "'a petition for review filed with an appropriate court of appeals in accordance with [§ 1252] is the 'sole and exclusive means for judicial review' of any CAT claim." 606 U.S. at 279

(quoting 8 U.S.C. § 1252(a)(4)). Further, he observed, the statute includes a "zipper clause" that provides: "Judicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." *Id*. at 280 (quoting 8 U.S.C. § 1252(b)(9)); *see also* 606 U.S. at 268 (majority discussing 8 U.S.C. § 1252(b)(9) as applied in prior precedent); *Nasrallah v. Barr*, 590 U.S. 573, 580 (2020) ("By consolidating the issues arising from a final order of removal, eliminating review in the district courts, and supplying direct review in the courts of appeals, the [INA] expedites judicial review of final orders of removal."). Based on the clear language of these provisions, where "[t]he zipper clause plainly covers CAT claims because CAT claims arise from removal proceedings," Justice Thomas concluded that "courts cannot review CAT claims unless they are reviewing a final order of removal." 606 U.S. at 280 (cleaned up).

The Ninth Circuit has recently agreed in *Navarrete v. Bondi,* No. 24-2776, --- F.4th --, 2026 WL 797428 (9th Cir. Mar. 23, 2026). Consistent with Justice Thomas' concurrence and recent Supreme Court precedent, the Ninth Circuit reasoned that "an order denying withholding of removal, including the denial of CAT protection, 'does not affect the validity of the final order of removal and therefore does not merge into the final order of removal.'" *Navarrete*, 2026

WL 797428, at *5 (citing *Nasrallah*, 590 U.S. at 582, *Johnson v. Guzman Chavez*, 594 U.S. 523, 540 (2021), and *Riley*, 606 U.S. at 268-69).  Because there was no independent basis for exercising jurisdiction, the immigration judge's negative reasonable-fear determination in that case did not "merge" into the final order of removal, and the petitioner did not request review of the order of removal (only the immigration judge's reasonable-fear determination), the Court dismissed the petition for review.  *Navarrete*, 2026 WL 797428, at *5.  Similarly, here, Ms. Ramirez-Lopez has not set forth any challenge to her removal order.  Dkt. Entry Nos. 4.2, 9.2.  Accordingly, the Court should dismiss the petition for review.

Finally, given that EOIR has completed its review of the asylum officer's negative reasonable-fear determination, it is not necessary to hold this case for an EOIR determination regarding Ms. Ramirez-Lopez's protection-based claims.

## **CONCLUSION**

For these reasons, the Court should dismiss the petition for review and deny

Ms. Ramirez-Lopez's request to hold the case in abeyance as moot.  Respondent

also requests that the Court stay the briefing schedule and production of the

administrative record pending disposition of this motion.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CINDY S. FERRIER
Assistant Director
Office of Immigration Litigation

s/ Tracie N. Jones
TRACIE N. JONES
Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044

Dated: April 13, 2026                     Attorneys for Respondent

## CERTIFICATE OF COMPLIANCE

This motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 2,097 (less than 5,200) words. This motion complies with the typeface and type style requirements of Fed. R. App. P. 27(d) because it has been prepared in a proportionally spaced typeface using Microsoft Word, Times New Roman, 14-point type.

s/ Tracie N. Jones
TRACIE N. JONES
Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using ACMS. I certify that all participants in the case are registered ACMS users and that service to Petitioner's Attorney will be accomplished via ACMS.

s/ Tracie N. Jones
TRACIE N. JONES
Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044